# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

v.                                              **4:04CR00035(3-4)-WRW**

**CALVIN STOVALL**
**VERTIS CLAY**                                                                           **DEFENDANTS**

## ORDER

The Government filed a Notice of Intent to Offer Statements of the Victim During its Case in Chief (Doc. No. 321). Defendant Clay objected (Doc. No. 352).

In the Notice, the Government asks the court to admit out-of-court statements made by the deceased victim, Darryl Johnson, in its case in chief under Fed. R. Evid. 804(b)(6). The rule provides that the following is not excluded by the hearsay rule if the declarant is unavailable as a witness:

> **Forfeiture by wrongdoing**. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.

For this exception to apply, the conduct that caused the delcarant's unavailability must have been intended to prevent the declarant from testifying.[1] The Government concedes that Darryl Johnson was not a "witness" or "informant" at the time he was murdered -- a trigger for the applicability of Fed. R. Evid. 804(b)(6). Therefore, the Government agrees that any statements of Mr. Johnson's statements offered at trial will be limited to those admissible as non-hearsay under Rule 804(b)(6), or admissible under another appropriate hearsay exception.

---

[1] *United States v. Johnson*, 403 F. Supp. 3d 721 (N.D. Iowa 2005), see also *United States v. Emery*, 186 F.3d 921, 926 (8th Cir. 1999).

Accordingly, the Government's Motion/Notice (Doc. No. 321) is DENIED as MOOT.

IT IS SO ORDERED this 18th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE