IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  4:04CR00035-04 BRW
    4:11CV00448 BRW

VERTIS CLAY

ORDER

Pending is Petitioner Vertis Clay's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. Nos. 523, 526). The Government has responded,[1] and Petitioner has replied.[2] For the reasons set out below, the Motion is DENIED.

I.  BACKGROUND

Petitioner and co-defendants Calvin Stovall and Darryl Walker were indicted in a four-count fifth superseding indictment. Count One charged all defendants with conspiracy to possess and distribute at least 100 kilograms of marijuana. Count Two charged all defendants with conspiracy to use and discharge a firearm during and in relation to a drug trafficking crime. Count Three charged Stovall with solicitation of a crime of violence. Count Four charged Petitioner and Walker with use of a firearm to commit first-degree murder during and in relation to a drug trafficking crime.

On October 13, 2006, Walker pled guilty to Count Four. Walker cooperated at Clay's trial under a written plea agreement, and on November 19, 2007, he was sentenced to 288 months in prison.

---

[1] Doc. No. 531.

[2] Doc. No. 546.

Stovall's lawyer suffered health problems and requested a continuance of the trial, which I granted.[3] I also granted the Government's Motion to Sever, which was prompted by the continuance. Petitioner proceeded to trial on October 1, 2007. On October 31, 2007, the jury found Petitioner guilty on all counts, and imposed a sentence of life without possibility of parole for Count Four. Petitioner was sentenced to 40 years imprisonment for Count One and 10 years imprisonment for Count Two. I ran the terms of imprisonment for Counts One and Two consecutively, and the sentences for Counts One and Two were run concurrently with Petitioner's life sentence for Count Four.

Petitioner appealed, asserting that: there was insufficient evidence to sustain his convictions; the district court erred in denying his motion to suppress because the search of his home violated the Fourth Amendment; and that he was erroneously sentenced. The Eighth Circuit Court of Appeals affirmed.[4]

On May 31, 2011, Petitioner filed his *pro se* § 2255 Motion,[5] which the Government contends should be denied.[6]

## II.   DISCUSSION

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[7] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable

---

[3] Stovall pled guilty to Count One on January 31, 2008.

[4] *United States v. Clay*, 579 F.3d 919 (8th Cir. 2009).

[5] Doc. Nos. 523, 526.

[6] Doc. No. 531.

[7] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

professional judgment.[8] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[9] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[10]

Even if a court finds deficient performance of counsel, Petitioner must also establish prejudice.[11] To establish prejudice, Petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[12]

So, the test has two parts: (1) deficient performance; and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining element of the test.[13]

Petitioner lists five claims of ineffective assistance of counsel. Each claim is discussed separately below.

### A. Failure to Subpoena Witnesses

Petitioner asserts that counsel was ineffective for failing to subpoena key individuals who provided statements and information that was relied on in the affidavit and certificate for probable cause to obtain a search warrant.

---

[8] *Strickland*, 466 U.S. at 690.

[9] *Id.*

[10] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[11] *Strickland*, 466 U.S. at 694.

[12] *Id.* (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[13] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

"Because of the problems inherent in hindsight analysis, we 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[14] Decisions involving trial strategy are "virtually unchallengeable."[15] Strategies relating to witness selection "are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight."[16]

Petitioner's counsel did not interview or subpoena certain witnesses that Petitioner thinks counsel should have. Counsel's decisions with respect to witnesses is the type of strategic decision to which a strong presumption of reasonableness applies. I will not second guess counsel's decisions in hindsight. Petitioner fails here on the deficiency prong.

**B.      Failure to Challenge Search and Seizure at Petitioner's Home**

Petitioner maintains that police officers and agents executing a search warrant at Petitioner's home rampaged through anything and everything, both in sight and not in sight, "completely violating any degree of particularity that the warrant may have contained."[17] Evidence seized at Petitioner's home was used at trial. Petitioner contends that his lawyer did not exercise reasonable judgment in defending against the "exploratory search" of Petitioner's home. Petitioner asserts that counsel "failed to represent [his] constitutional rights with respect to residential searches and seizures."[18]

---

[14] *Loefer v. United States*, 604 F.3d 1028, 1029-30 (8th Cir. 2010) (quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)).

[15] *Id.* at 1030 (internal citations omitted).

[16] *Walls v. Bowersox*, 151 F.3d 827, 834 (8h Cir. 1998) (citing *Williams v. Armontrout*, 912 F.2d 924, 934 (8th Cir. 1990)).

[17] Doc. No. 523.

[18] *Id.*

4

Petitioner's counsel filed a Motion to Suppress.[19]  After a hearing[20] and further briefing,[21] I denied the Motion.[22]  The Eighth Circuit Court of Appeals affirmed.[23]

Petitioner's Counsel vigorously objected to the search and seizure.  There was nothing deficient about counsel's conduct.  Further, Petitioner cannot show that but-for counsel's actions the evidence would have been suppressed.  The Eighth Circuit affirmed my ruling that the seizure did not violate the Fourth Amendment.  Petitioner cannot establish deficiency on this point.

C.      **Failure to Object to Evidence**

Petitioner maintains that his counsel was ineffective because he did not attempt to suppress the introduction of a knife, and because counsel did not hire a private investigator to help interview Government witnesses "to show conflicting accounts pertaining to the knife."[24]

The knife was admitted at trial.  "The performance of an attorney is not deficient because the attorney failed to object to admissible evidence."[25]  Further, the Eighth Circuit has "decline[d] to impose a duty on criminal defense attorneys to hire private investigators . . . ."[26]  Petitioner cannot show deficiency on this point.

---

[19] Doc. No. 226.

[20] See Doc. No. 252.

[21] Doc. Nos. 253, 254.

[22] Doc. No. 297.

[23] *United States v. Clay*, 579 F.3d at 931-32.

[24] Doc. No. 523.

[25] *Garrett v. United States*, 78 F.3d 1296, 1302 (8th Cir. 1996) (citing *Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995)).

[26] *Blair-Bey v. Nix*, 44 F.3d 711, 713 (8th Cir. 1995).

5

### D.   Failure to Meet Burden of Proof

Petitioner contends that his attorney failed to adequately and effectively hold the Government to a reasonable burden of proof in substantiating the existence of a conspiracy with Defendant Stovall. Petitioner maintains that "statements made by government witness Tidwell reveal that [Petitioner] was not a part of any conspiracy whatsoever."[27]

Petitioner's counsel challenged whether there was sufficient evidence to go to the jury in connection with the conspiracy charge; I denied counsel's motion for judgment of acquittal. The jury was instructed as to proof beyond a reasonable doubt. The Government was held to its burden. Thus, Petitioner cannot prove deficiency.

### E.   Bifurcated Sentencing Trial

Petitioner argues that his lawyer deprived him of the right to a "bifurcated sentencing trial on his right to testify on his own behalf, rendering the result of his life sentence fundamentally unfair and unreliable."[28]

With respect to Count Four, Petitioner was sentenced by the jury. I sentenced him on the remaining Counts. If Petitioner had been sentenced during a bifurcated sentencing trial, Petitioner still would face a life sentence in connection with Count Four. So, on this point, even if Petitioner could establish deficiency, he could not establish prejudice.

---

[27] Doc. Nos. 523, 526.

[28] Doc. No. 523.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. Nos. 523, 526) is DENIED.

IT IS SO ORDERED this 4th day of November, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE